Alright, hear ye, hear ye, hear ye, this Honorable Appellate Court of the 2nd District is back in session, pursuant to adjournment. The Honorable Susan Faye Hutchinson, Providing. Please be seated. Your Honor, this is the third case of the morning, called 3-130121. Patricia Moncelle, Special Administrator in the estate of Michael and Michelle Moncelle v. C.A.P. Air Freight, Inc., L.L.C., Matthew Gross, and Justices McDade, Wright, and O'Brien. On behalf of the Appellant, Mr. James Walker. On behalf of C.A.P. Air Freight, Ms. Barbara Snow Murdo. And on behalf of the Justices of the 3rd District, Mr. Paul Resett. And I understand that Mr. Resett and Ms. Murdo have told the clerk that you will split your time, essentially. Alright. Alright, then, I believe we're prepared. Mr. Walker. Under your rule, which says that if you're going to mention out-of-state authorities, you should provide them. So, these are in the Congress. Thank you. Thank you. Thank you. Two aspects of this appeal that I'd like to discuss with you are, number one, this case involves a manifestly unconscionable Rule 23 order issued by a panel of the 3rd District, which denied my client, Pat Monsell, the right to have her underlying tort action for the wrongful death of her husband decided on its merits. Another aspect is that there's an ongoing violation of the Code of Judicial Conduct by at least those three judges, the balance of the 3rd District, and Judge David DeBicke. Alright, well, counsel, let's address that. Have you made any complaint of any nature to any authorities above, well, the Judicial Inquiry Board? Because that's the only one that's out there. Your specific question is, have I made a complaint to the Judicial Inquiry Board? No. But the canon that I had in mind, and I'd like to speak to it in more detail in a second, is Canon 3B3, which says that it's a violation of the Judicial Code. No, excuse me. A judge having knowledge of a violation of these canons on the part of a judge, or a violation of Rule 8.4 of the Rules of Professional Conduct, and 8.4 is the rule that says thou shalt not violate any other rules, on the part of a lawyer shall take or initiate appropriate disciplinary measures. And this case has been going for 4 years, with me calling 3 judges, having lied, cheated, and stolen, and everybody just sits around, you know, like, well, who won the Cardinal Cup game? It's a completely unsatisfactory situation. The fact remains, sir, that this court can't report it, or we can't cure a conduct issue. You feel there is a conduct issue. You are a reported mandator, or a mandated reporter as well. So why haven't you done that? Well, not under the specific code that I mentioned am I a mandator, but I'm certainly an officer of your and the whole state court. We're making the allegation. That's right, and I have an obligation to act. We have facts known, or at least alleged to be known, that other people do not. Right, and in my opinion, I have made it public, and I have put these charges out there, and my point is that it's an unsatisfactory situation, that I've neither been charged with criminal contempt for falsely accusing judges. Well, you're about to be asked this question. You say in your brief that unsubstantiated allegations of criminal misconduct against a judge is a basis for finding a lawyer in contempt. Yet in your brief, nowhere in your brief, have you cited any fact in the record to support your claim that the appellate court falsified or altered a document. Why shouldn't you be held in contempt? Well, that's my point. That's my point. It is an unsatisfactory situation. Where is the order that was altered? The fabricated order is the one described in the opinion, saying that counts of the second amended complaint based on the FMCSR were dismissed. There was no such order. No counts were dismissed. It's a total and complete fabrication to provide a rationale that would withstand examination by the Supreme Court as to whether it was going to grant leave to appeal. But you went on then to say that it must have been forged. You started with fabrication, then I think the next allegation was corrupted, and then forged. If there is a forged order, it should be in that record, shouldn't it? Well, I think I don't know precisely what you're discussing, but I believe that an oral argument of some motions, I responded to Judge DeVicke and said, I don't know which way the Third District did it. Were they just out by judicial fiat to say this order exists, or whether they created a paper, put it in the record for the day that they were going to issue the opinion, then took it back out? Did you look in the record? What? My affidavit says... No, did you look in the record? I'm trying to explain it, Judge. My affidavit says there was no such order entered, no such order in the record when I received it from the clerk, and no such order when I gave the record back to the clerk. So you're saying you did look in the record? Precisely. I looked at that record from page to page. Did you look at the record after the decision? No, not what you're saying. But if the issue came up after your brief was filed in the decision, and that's when the either fabrication, corruption, or forgery occurred, is there some reason that you should look there to verify your claim? I don't think there's anyone living suggesting there is such an order. There's no such order. But you used the word forged. That means making up a document designed to convey something that is not accurate. So why are you using that term if there is no such order? I'm using the word fabricated, and I just used the word forged in relationship. When Judge DeBicke pressed me, well, mechanically, how did they do this? I'm not saying that there ever was a paper order in the file supporting this recitation by the 3rd District. I'm familiar with all that happened in the circuit court, as are the lawyers standing behind me. Nobody asked counts to be dismissed. The trial court didn't purport to dismiss counts. When they voted for dismissal on the basis of res judicata, they never said counts were dismissed. The whole idea of counts being dismissed totally comes out of the firmament in the Rule 23 order. Nobody had ever suggested it, seen it, heard it, smelled it, tasted it, or did it. So the fact that it's there in the Rule 23 order is totally of the 3rd District panel's doing. And while they may be wrong, and I think that was your first thought, they did not grant the PFR, and the Supreme Court did not grant leave to appeal. So how, then, does your October 11th complaint, how can it deal with things that are now done? Well, when you say done, you're saying that a review by a corrupt court is a sufficient review to preclude further review. Well, are you saying the Supreme Court is corrupt, too? Are you adding them to the list? No, but they're not a matter of right review as a Supreme Court. But I'm sure you filed a very extensive PLA petition for leave to appeal. It's in the record, yes, I did. But as the Supreme Court often reminds us, I mean, it doesn't mean they approve of the result or the reasoning. It just means that four votes weren't granted to grant PLA, and we're reminded by the Supreme Court of that on often occasions. But to go back to your point, well, the fact that the 3rd District judges denied your petition for your hearing, isn't that substantial evidence that they didn't make a mistake? If the accountant steals from a corporation, comes out with a financial statement saying, this is where we stand financially, and doesn't show the theft, and then five days later the president says, are you sure this accurately reflects our condition? Yes, I am. I mean, is that second question from the same party that committed the wrong? Does that have any value in defending the accountant from the charge of taking the money? Well, no. If you don't find my charges of wrongdoing sufficient, then this is an easy decision. But if you do find them sufficient, then that removes the panel as being any entity that's entitled to any credibility when they say, well, we're not granting your hearing. Well, what vehicle can we do at this time to find that that panel was wrong? You mean to give relief from it? Correct. Well, let's go first to the judge. What could the trial judge do to determine or give you some remedy from that decision? What could the trial judge do? I don't want to accept at the twilight of my career that corruption on the part of the appellate court is beyond the reach of the circuit court. If they were charged with any other crime, whether it be driving too fast or beating their spouse or stealing money or falsifying records, the initial criminal charge would be filed in the circuit court and circuit judges without question would have the jurisdiction and the duty to determine the factual issues created in that dispute. There's no criminal offense charge here, though. By me, there is, but not formally indicted by the attorney general. You're correct. Or the state's attorney. Correct. Did you bring it to the state's attorney? I did not. And you do understand that your allegation of criminal conduct is not binding in order to get, as you say, the relief you're looking for, i.e. the value of the response on the claim? Well, I hope that the wrongful conduct that I've alleged is sufficient to show one of these manifestly unconscionable judgments that Justice Black talks about in the Root decision, saying there aren't many. I mean, we're all in favor of finality, and there's strong reasons why we don't revisit judgments, in his opinion, back when they called it interim. Now we describe those time limits differently. But on occasion, there are some. Now, let's go back to Justice Hutchinson's question, though. What is the procedural mechanism, assuming that they made a mistake here? I'm not going to assume they're corruption that you allege, but let's assume they did make a mistake. What is the procedural mechanism for the trial court ever to address that? In the materials, the first opinion under tab 1 is Hazel Atlas. It's in my brief, but I also hoped to read a little bit from it, so I made additional copies available. And at the bottom of page 1,000, the court says, But where the occasion has demanded, where enforcement of the judgment is manifestly unconscionable, they, he's talking about courts, they have welded to power without hesitation. To answer your question, Justice Spence, and in cases where courts have exercised the power, the relief granted has taken several forms, setting aside the judgment to permit a new trial, altering the terms of the judgment, or restraining the beneficiaries of the judgment from taking any benefit whatsoever from it. But whatever form the relief has taken in particular cases, the net result in every case has been the same. Where the situation has required, the court has in some manner devitalized the judgment, even though the term in which it was entered had long since passed away. And that is addressing, though, the trial court reviewing the trial court decision, correct? Not reviewing an appellate court decision. Well, I think in Hazel Atlas, the, as I remember it, the Hazel Atlas involved an appellate court setting aside a appellate court judgment. Okay. So it's, it is examining its own decision at a later point to determine whether or not it is the correct decision. Right. And the trial court, asking the trial court to do that, though, is not in keeping with this opinion. Well. Asking a lower court to review a higher court's decision. The second case in this little packet, the Root case, involves such a situation where the third district, excuse me, the third circuit is sent back to the district court for a certain activity. But I don't want to quarrel about whether circuit judges can do things to appellate court judges. I mean, that's just too against the current to be fruitful. Isn't that what you're asking for, though? Well, what I'm asking for is relief. I'm asking for the type of thing that Justice Black said here. When it's needed, and it's not often needed, but when it's needed, courts figure out a way to get it done. And that's what I'm asking you to do, is to get it done. If you don't like saying the circuit court can do it, if there's some other way to do it, fine. But I'm asking, don't write the opinion saying corruption at the appellate court level is without a remedy in Illinois. That's not a good result. Obviously, it doesn't help my client, but it doesn't help any of us in this society. You understand there's a difference between fabricating an order and having a different interpretation of it? Oh, yes. And are you suggesting that if ‑‑ or alleging that if we find that count three was actually dismissed with prejudice, we're guilty of misconduct as well? Okay. Could you say that again, Judge? Are you alleging that if this court ‑‑ you say in your brief that this court were to fabricate the existence of a circuit court order dismissing count three with prejudice to provide an order which it could affirm, it would be guilty of misconduct similar to that of the judicial defendants when they fabricated the order dismissing the counts to provide rationale for their corrupt affirmation of the dismissal of 08L17? Are you alleging that if we find that count three was actually dismissed with prejudice, that we are also guilty of misconduct? Well, if you find that it was dismissed with prejudice, that would be different. But even the state ‑‑ excuse me, the attorney general says we admit that the justices were dismissed without prejudice, but we're just urging you, the members of the second district aside, to decide this appeal. Why don't you just rewrite it as if the dismissal was with prejudice? Do we have jurisdiction over count three? I don't think you do. Why not? Because there's no final judgment. Dismissal without prejudice has never been a final judgment. Why did you consider your October 2011 complaint in part a 214.01 petition? 214.01 against what? Well, there's some good language for my position in 214.01. I'm sorry I don't have it in front of me, but it says something like, you know, courts can grant relief from final judgments. It doesn't describe what court can grant relief from judgments entered by what judgments. So if you read it broadly, it supports my position that any court can do it. It is situated in the code of civil procedure in the postjudgment of trials. It has nothing to do ‑‑ it is not a section in any way dealing with appellate court opinions, is it? I would agree with your description of where it's found. You're asking us for a remedy, I think. I mean, one thing that you are unwilling to pursue on your own. And that is taking this to the proper disciplinary matter or agency or asking it to be reviewed by a criminal or an executive branch officer. Why are you asking us to do that when you have those remedies available? I disagree with your characterization, Your Honor. I'm keeping the litigation in this case under the control of Pat Monselle. We don't want to be too insensitive to the fact no judge enjoys saying another judge did something wrong. No state's attorney wants to go after a judge. So in this situation, I without hesitation have charged the wrongdoing, and I'm driving, not very successfully so far, I'm driving the charging vehicle through the court system and not leaving to others the situation. So there's no state's attorney, no Judicial Inquiry Board, no other entity that has the power to grant relief from this Rule 23 order. I mean, they could pillar these three judges, and it wouldn't do any good to Pat Monselle, except to the extent she's a member of society, it wouldn't help her get relief from that order. So if you want relief from this order, why are you making the allegations against the judges? That's the basis for the relief. That's what makes this case, what Justice Black called, one of those few that are manifestly unconscionable. Counsel, you do know that there are ways, or I assume you know that there is a way, to attack an appellate court decision in subsequent proceedings. And you have not done that. You have made charges that we can't litigate, and you are asking us to somehow do some ad hoc litigation of that and get your case back on course. There is a way you can do it, and you have not done it. If there is, it's one of my failings. I don't know about it. Well, I think you need to look at some case law, and I'm not here to educate anybody in this courtroom about how to attack an appellate court decision. I can't. I can't be an advocate for you, for them, for anybody. I have to. There is a way. And what you've done is you have made allegations that you're not willing to pursue in the correct manner, and you've put this court in a rather untenable position that we can't do what maybe you're asking us to do because you haven't done it the right way. What do you want us to do? And your time is up, so this will be your last answer, please. I want you to grant relief from the Rule 23 order, which says that the dismissal of the first lawsuit was legally proper under the doctrine of res judicata because counts were dismissed and the dismissal of counts was a final judgment. And those are the same arguments that you made in your petition for relief to appeal before the Supreme Court, correct? Well, basically, I said, the third district has said, but again, I know my time is up, but the credibility is so great. We've got three appellate court judges saying counts were dismissed. They don't mention the counts. They don't mention the dates. They just say counts were dismissed. And then we've got this whining plaintiff's lawyer over here saying, well, you've misstated the record, and so it's not a fair fight. Counsel, we don't need that language here in, as you say, the winning years of your career. We don't call people whining, so I assume you didn't really mean that. Well, I was characterizing my own credibility in the eyes of the Supreme Court. Well, let's don't call yourself whining either. You would agree that we can affirm on any basis supported by the record, correct? Well, if you're talking about affirming the dismissal of the judges with prejudice, I wouldn't. I don't agree that you can transform that. The premise that the appellate court is vested with the authority to affirm the judgment of the trial court on any basis supported by the record, correct? Yes, if, in fact, there is a judgment that's appealable and can be affirmed. But you cannot appeal or affirm an order dismissing without prejudice. The only thing before us right now, though, is whether or not Judge Dubicki properly dismissed the October 2011 complaint, correct? Counts one and two of it, yes. Correct. That is what's before us. The Rule 23 opinion of the Third District is not properly before us. It's only in the sense that that's the relief I asked in count two that the Rule 23 order be vacated. So assuming for a moment that you're correct, then the relief that you would be granted here would be to reverse Judge Dubicki, send it back there for a hearing as to whether or not that complaint should proceed. Yes, sir. So it wouldn't be us vacating the Third District's Rule 23 order anyway. Correct. It would be empowering Judge Dubicki to do so. According to Justice Black, you might have that power, but the relief requested in count two is that the circuit court vacate it. Okay. Thank you. Thank you. You'll have an opportunity for response. Ms. Murdoch? Okay. Please support, counsel. My name is Barbara Murdoch. I represent Cap Air Freight, Inc. I have a pretty bad head cold, so could you speak up a little bit? Yes, I'd be happy to. Also present on behalf of Air Cap LLC is David Jones, and for Matthew Gross is Scott Umland. Collectively, our three clients are referenced in the briefs as the trucking defendants. Assistant Attorney General Paul Rosette will argue separately on behalf of the appellate justices. The case before you is not about exposing judicial corruption. This case is about a disappointed litigant who is attempting to launch a collateral tax on judgments of the appellate court and the trial court, with which she disagrees after she unsuccessfully exhausted the appellate process with respect to those orders. The case before you now is about the legal and factual shortcomings of that October 2011 complaint, any one of which, which are detailed in the trial court's order, supports the dismissal with prejudice of the present complaint. Although your clients are named in the October 2011 complaint, is there any allegation about them in the actual counts of the complaint? None whatsoever. Counts, there is no allegation of wrongdoing as to my clients in the October 2011 complaint. Counts one and two are the only counts that affect them, and they affect them only in the sense that granting the relief requested by a plaintiff would then undo everything that was done in the prior two cases in 2005 and 2008. All right, and so let's be specific. In count one, what are they asking, what is the complaint asking to do related to your clients? Yes, under count one, plaintiff asked the trial court to declare that an order of the description used in the appellate court's order never existed. Therefore, that appellate court's statement, to the contrary, was a fabrication. Well, as the justices point out in their brief, the appellate court can, in good faith, interpret the substance of a circuit court order and its legal effect differently from the way the parties do. And that is not corruption. Fraud is not an inescapable conclusion of what happened in the appellate court. Is your basic position that plaintiff is seeking to go back to the 2005 lawsuit, or is she looking to attack both the 2005 and the 2008? I believe both. That's my understanding of what is happening, because she's seeking essentially to reverse the Rule 23 order, which affirmed the dismissal of the 2008 case based on res judicata, which was a barring of the 2005 action. So those all three are related. Now, okay, go ahead. All right, so under Count 1, plaintiff was seeking, first of all, to a judicial declaration that the appellate court's order was essentially wrong. The trial court has no authority to make such a declaration, either under its inherent authority over its own records or under the Court Records Restoration Act. The Act only provides a mechanism for the trial court to restore physically lost, destroyed, damaged, altered records to its files. It doesn't have the authority to manufacture a conflict with an appellate court order in order to provide a basis for a collateral attack on that order. If there was an order forged, and I know we've had discussion about that, but if there is an order forged that led to that decision and it is physically not in the file, could the Court Restoration Act accomplish that under its procedure, getting it back into the file? Because I think Mr. Walker's position is if there was one, it certainly isn't going to be there now. So could the Court Restoration Act get that order that misled, misinformed, or was fraudulent back into that file so that everybody could see it? Well, under the Act, you would still have to prove up that that forged order existed. And you do that by affidavit, I believe, and by a copy of that order, correct? Correct. Okay. But you still have it. We're still a back pleading state, and you still have to come forward with facts that support those allegations, and that's where plaintiff has failed here. There is no allegation that's supporting any of these. What about count two? Count two, plaintiff asked the trial court under Section 2-1401 to set aside the appellate court's order as being void. Again, the trial court has no authority under Section 2-1401 or otherwise to set aside the order of a higher court. The claims of corruption that plaintiff raised in her Section 2-1401 petition were ones that she previously raised to the appellate court, and she had the opportunity to raise them to the Supreme Court in her attempt to appeal to the Supreme Court, but she chose not to do so. Having had that opportunity and failed to exercise it, plaintiff cannot now seek to set aside the order through a collateral attack. You know, plaintiff argues, excuse me, the Supreme Court could have reviewed these allegations of corruption as a matter of right if plaintiff had presented them, because plaintiff is making the claim now that she was denied her constitutional right to an effective appeal based on action which originated for the first time in the appellate court. If that was the case, why not file a petition for leave to appeal to the Supreme Court as a right? Plaintiff chose not to pursue that remedy, so she can't now come back to the trial court, a lower court, and attempt to obtain the relief that she didn't seek through the established appellate process. Again, the complaint also with respect to, the complaint itself, the Rule 1401 petition was deficient for several reasons. Plaintiff failed to make any allegations of fact that would actually support her speculation that there was corruption on the part of the justices. The petition was not timely made to the extent that plaintiff was attempting to overturn the trial court orders that had been previously affirmed on appeal, and the petition wasn't pursued with due diligence with respect to the appellate court's order. What do you make of plaintiff's argument that because you filed a motion to dismiss pursuant to 2619 instead of a 2615, you admitted the legal sufficiency of the complaint? Well, the trial court's order doesn't reference either section 2615 or 2619 in its ruling, and the standard of review is the same, and the appellate court can, of course, affirm the judgment on any basis that's apparent from the record, irrespective of the trial court's basis for its decision. In terms of waiver, though, the legal sufficiency of the pleadings was addressed by all of the parties, including my clients, in briefing to the trial court, and I believe in my briefs at pages 12 through 13, I actually have record sites for all the places that we did make arguments going to the legal sufficiency. So it was before the trial court, made by my clients, and plaintiff hasn't made any assertion to the trial court that it lacked authority to grant a dismissal with respect to my clients under section 2615. Plaintiff is not able to show any prejudice as a result of the 215-2619 distinction because these issues were argued by all parties before the trial court. I see that my time is up. If I may, just one parting thought. Plaintiff has made no allegations of wrongdoing against my clients in connection with the appellate court order. The judgment of the appellate court was correct, even if plaintiff takes issue with the wording of the order or the reasoning behind it. Without any assertion that the fraud was caused by the trucking defendants, there is no basis to reopen the litigation as to my clients, and we ask that you affirm the judgment of the trial court. Thank you. Thank you. Mr. Resett. Good afternoon, Your Honor. May it please the court, my name is Paul Resett. I'm an assistant attorney general for the state of Illinois, and I represent Justices Mary McDade, Vicki Wright, and Mary Kay O'Brien. The circuit court properly dismissed the October 2011 complaint here because it was a nullity for two different reasons. The first is that Counts 1 and Counts 3 were attempts to amend closed cases. He attempted to file amended complaints in the 2005 action and the 2008 action. The 2005 action had been closed for four years at the time after he voluntarily dismissed the action in November of 2007. The 2008 action had been closed for over a year since September of 2010 when the Supreme Court denied the PLA from the Third District's Rule 23 order, affirming the dismissal on the basis of res judicata. And how was that attempt made? By adding the judges to it, is that the only way the attempt was made to amend? Or were there other issues raised in that complaint? Right, all three counts in the October 2011 complaint were new. The first one had to do with the alleged felonious tampering with the circuit court's record. The second was an accusation of judicial corruption. And the third was an alternative claim, saying, if I don't get the relief I really want, which is to reopen the case, then I want damages from the justices for the value of my wrongful death action. And further, Count 2 was also a nullity because it was styled as a 214.01 petition, but you can't file a 214.01 petition attacking an appellate court decision. You can only file one asking the circuit court to revisit one of its decisions when more than 30 days have passed since that order was entered. What are we reviewing? Are we reviewing the trial court's opinion on your motion to cause summons, or the motion to dismiss, or both? What are we reviewing? Well, we did file both. First, we pointed out that Munsell had not asked leave of the court to add the justices as defendants in those 05 and 08 actions. But as I talk about in my brief, really the analysis should have been whether that's even permissible at all, because if those complaints are nullities, then it really doesn't matter who the defendants are. But that was our first argument, that he cannot add them without leave of court. So then, although the court did say the dismissal was without prejudice, its analysis was a little more complicated than that, because it went on to say that in any event, even if he had asked to add them as defendants, he would have denied it because the 2008 case is closed, and that same logic would apply to the 2005 case. Also, it would be pointless because he was dismissing counts one and two on the merits, and with prejudice. So, and you know, those counts only talk about the judicial, the justices' actions. There are no allegations against the trucking defendants. So once counts one and two are gone, where he alleged that they committed the felony of tampering and the judicial corruption, then really, what is there to get damages on? Plus, as a matter of law, the justices were entitled to judicial immunity, which they did argue in the circuit court. And when you can't get damages as a matter of law, why would the court intend for that count to continue when counts one and two are being dismissed? So we think that even though the court did state that the dismissal of the justices was without prejudice, that it did actually intend to dismiss the entire October 2011 complaint, all three counts. And we do cite cases in our brief that say just because the court says with or without prejudice is not determinative, you have to look at the substance. Correct. Correct, Your Honor. In addition to the fact that all three counts were melodies because you can't amend in closed cases and you can't attack an appellate court decision under 214.01, this October 2011 complaint also failed to comply with Illinois' fact pleading standards. There were never any specific allegations of corruption or tampering. It was just speculation. He does not have a witness or any sort of evidence that there was any sort of communications between the trucking defendants and the justices. There's no claim that there was any money that changed hands, anything that you would typically think in a judicial corruption case. Also, as the circuit court pointed out, you would think if he really thought that there was corruption here, he would have gone to prosecutors because, you know, the U.S. attorney in this state is obviously very diligent in prosecuting public corruption cases, and if there was anything to it, I'm sure, you know, it would be investigated. But instead we just have a disgruntled litigant who said there's no way that the court could have ruled the way that it did because my view is better than the trucking defendant's view, and therefore it must have been corruption. It's almost a recipsa argument, isn't it? Correct, correct. He's like, no one could get it this wrong unless they were... It kind of just speaks for itself. Correct. That it's so bad. Although in his own petition for rehearing when he was at that time trying to get relief from the 3rd District, at that point he said it was an honest mistake. So obviously if something can be an honest mistake, it isn't necessarily corruption. You know, I don't want to talk about the specifics about why the court ruled the way that it did because then I think I'm walking into what he wants, which is to have this court decide whether the 3rd District was correct in its ruling on the merits and whether the res judicata applied. But as we pointed out in our brief, there's all sorts of reasons that an appellate court might deny a petition for rehearing that has nothing to do with corruption. It may consider it, think it was still correct, and deny it for that basis. Even if it's wrong, but if it thinks honestly that it was right, that's not corruption. And then also, he's really saying that they misstated part of the procedural history by the way that they described those November 2007 orders dismissing certain parts of Montsell's case. And the court might have... A court could say, like, yeah, we got that fact wrong, but we're not going to grant the petition for rehearing because the result's going to be the same and it's a Rule 23 order, which is not precedential. So there'd be no point in doing it in a case. So there's all sorts of options as to why, rather than being a smoking gun that the petition for rehearing was denied, there's all sorts of perfectly legitimate reasons to do it that do not point towards corruption. Well, we've heard today that part of the reason for the allegations of corruption was to keep this case alive and to keep the court interested in the case so that it could move along in the justice system. It's moved along. What can we do to that earlier Rule 23 from the 3rd District? I don't think that you can do anything at this point. Certainly not any of the relief that he's asked for. They ruled that the circuit court properly dismissed the 2008 action because it was barred by res judicata of the 2005 action. Then he asked, he filed a petition for rehearing, which was denied. Then he filed a certificate, he asked the 3rd District to issue a certificate of importance so that the case would go to the Supreme Court without the normal PLA process. That was denied. Then he filed a PLA with the Illinois Supreme Court in which he argued all the things he's arguing now, that they described the order so incorrectly that it must have been intentional that for some reason, and he's never identified a motive for this alleged corruption either, that the justice must have had some reason to want to distort the records that they could rule in favor of the defendants. And he made that. It's that same speculation that he's making now, and it's not surprising that the Supreme Court did not find that persuasive because it's not specific fact pleading and there's no meat to any of it. It's just conjecture. This decision was so wrong, it must be corrupt. I mean, if that were the standard, any losing party could file an action like this and say, the appellate court got it so wrong, it must be corrupt. But where would they file that action? I mean, this is an issue that you don't want to discuss this substantively because you don't want to walk down that path, but where would that happen? Well, if they're just saying that the decision was wrong, it's over. Because they filed that petition for re-hearing, it was denied. They went to the Supreme Court, it was denied. At some point, cases are over. I'm sure there are cases where people still believe to this day that the court's got it wrong, but at some point, cases do end. If there's evidence of corruption, then you should turn that over to the Judicial Inquiry Board and to the prosecutors. And I would think that if, hypothetically, some justices were convicted of public corruption, then perhaps the order that was issued in that case might be subject to collateral attack at some point under some—but we don't have that here. We just have mere conjecture. It's just not enough. Well, the Supreme Court has actually said that in a criminal setting, if a judge is corrupt and quits a defendant, double jeopardy doesn't attach. Correct, correct. So that same principle would seem to apply in a civil case if the judge was on the take of a fictional case. Right, I mean, I would think if they could prove it— It would be a void judgment and would not be raised to the court. A law of the case, none of that would apply. It could re-bring the action. Right, if they could prove it. But that's why we talk about how they don't mean no one wants fat-cleaning standards because they're just saying it must be corruption without a shred of evidence. Are you familiar with a little bit about the underlying facts and the newly discovered facts regarding cannabis, the open thermos that had alcohol in it? Yes, yes. It seems as if there still might be a viable criminal case of reckless homicide. Against a truck driver? Against a truck driver. Has anybody even looked at that? I'm not sure about— There's no statute of limitations for involuntary manslaughter or reckless homicide. Right, right. I mean, I don't represent the truck driver. His attorney is here in the courtroom today, and that wasn't something that Mr. Walker raised in this, so I didn't look at that. However, obviously there's nothing that the justices did that would rise to the level of felony. And again, when we talk about specificity, when we talk about the tampering allegation, it's more so many times. First he said that the justices fabricated this order. Then he said, well, maybe they didn't fabricate it. Someone else could have fabricated it, and they relied on it innocently. And then he says maybe it exists, maybe it didn't exist. And then he says it doesn't matter if it exists because they pretended that it existed. I mean, it's like you can't keep track of the argument at some point. But basically what he's saying is they construed those November 2007 orders dismissing certain parts of the case in a way more broadly than he does, and that because of that, that shows corruption. And we just don't think that that's anywhere near close enough to what you need to allege before you make the extremely serious charge of judicial corruption and felonious conduct by three sitting justices. Unless the court has any further questions. Thank you. Thank you, counsel. And Mr. Walker, you may reply if you choose. Matthew Gross is a son of a judge. I sat in the Peoria County state's attorney's office with my client, Pat Monsell, and with the mother of Mike Monsell, and we begged the state's attorney of Peoria County to bring an action against Matthew Gross. That's in the record. He did nothing. I didn't notice that in the briefs. It's not in the brief, but it is in the record. We can all say, well, why don't you go down to room 13? I'm sure you get justice there. But we must not kid ourselves. What's room 13? It's a hypothetical, you know, some other place but where you are asking for relief. The state says, why don't you just dismiss the judges with prejudice? The trial judge said, I dismiss them without prejudice, and these are his words. The court, therefore, does not reach the merits of the motion to dismiss. He couldn't be more specific about that. But then doesn't he go on to say, when discussing the issue of the allegations, that he did not see any set of facts that could be pled concerning these judges and these allegations? I don't recall that. My recollection is when I asked him for leave to amend, I said, okay, if I didn't ask beforehand, I'm asking now. And he said, well, it wouldn't do any good to give you leave now because I've already dismissed one and two, and therefore there would be nothing for you to, you know, attach on to. Which was the attorney general's argument just now, that there's nothing else. One and two are gone. There's nothing new. Well, if you affirm one and two is gone. But my point is, the judge, the trial judge never said, you have immunity. I mean, he totally expressly said, I'm not passing on the argument of judicial immunity. I'm giving you the procedural victory that you wanted. And that's my point. Are you saying he has to rule on that issue? No, I'm saying that he ruled correctly. In other words, when someone raises a jurisdictional issue and a motion on the merits, which the three judges did, and which they are allowed to do, the trial court is required to first look at the jurisdictional question. This judge did it in the proper order. He found they were right and said, you know, there is no jurisdiction, therefore you're dismissed without prejudice. We filed the suit separately, and it's pending in Peoria County separately. Now, Judge Dubicki, though, he was not included in your complaint, correct? Correct. But I thought I heard you refer to him a short time ago as being included in this broad description of judicial corruption. No, I'm not saying that Judge Dubicki had anything to do with the issuance of the Rule 23 order. What I'm saying is it's an unsatisfactory state of affairs when the whole judicial branch needs the respect of the citizenry in order to be effective. You have no army. I mean, we've got to respect the courts and their decisions in order to make them function. Haven't you ever been disappointed with a court's ruling prior to this time in your career? You've had a long career, obviously. Well, of course I have, yes. But if I could just finish one second, Judge. What I'm saying is we're all committed to maintain the standard and the credibility and the integrity of the court system, and when an unusual situation like this comes along, it seems like one of two things has to happen. The court has to say, Walker, this is wrong. Here's the order dismissing the counts, and we hereby hold you in contempt for making these unfounded allegations against us. Or somebody says, would you sign off on a situation where an opinion said counts were dismissed? Counsel comes in and says, no counts were dismissed. Wouldn't you at least ask your colleague on the court, say, could you just fax me a copy of that order that said counts were dismissed? There's this lawyer saying that it's not true. I'd just like to be satisfied it is. There's no explanation whatsoever to address that. How do you know that didn't happen? Well, if it did, why haven't they brought that to your attention rather than playing this game of hare and hound, saying, well, we don't know. Because there is case law involving justices talking about the fact that their deliberations and how they deliberate cases are confidential. Yes, I didn't imply that they had to do that, but why wouldn't they just say, here's the order? You gave a good speech earlier this morning about judicial efficiency. Why wouldn't they just bring the order out and say, look, Walker, here's the order. You're dead wrong. This is kind of your reception argument again that it must be corruption. It just speaks for itself. It sounds like it is corruption because there is no way a court would have this many things wrong denied petition for rehearing on that. The point you said, I thought they were honest. The petition for rehearing doesn't mention honest or not honest, but it does use the language of the rule, which says, judges, we think you misapprehended this. So if they had, if the third district, the panel had reconsidered on a PLA and issued an order still affirming but explaining the rationale, we wouldn't be here. Well, if they found the order showing the counts dismissed, we certainly wouldn't be. But there is no such order. Not only is there no such order, the defendants all admitted their liability to all 10 counts. So the insanity of this is not only was there no dismissal, the defendants all conceded the viability of all 10 counts by admitting their liability two days before trial. So is that in a answer that was filed? Yeah. Amended answer? Amended answer that they filed. So we now admit our liability. And the last point I'd like to address, if I have time to do so, is you've talked about, you know, you petitioned for the Supreme Court and you didn't get anywhere there. And I earlier addressed what the Supreme Court has said about that. But listen to what the Attorney General's office just argued to you here. It could be the judges said, well, we were wrong. Facts were wrong. But we'll just let it stay there because after all, it's not precedential. Well, it's still reviewed by the Supreme Court. So by their own argument here today, they're saying we're the type of people who would leave the wrong facts in the opinion so that the Supreme Court gets the wrong idea when it looks at PLA. Remember, the Supreme Court doesn't get the record. They just get what the losing lawyer says and the opinion itself. And you're critical of me saying whining. But the point what I'm saying is, is you have three judges whose work product is front of the court saying counts were dismissed. The roar of silence comes across off of this opinion about the defense having admitted their liability under all 10 counts. We don't know how many the court said were dismissed, but they admitted their liability to all 10 of them. Judge Spencer recently wrote a race to do. Got a rule 23 order in the first sentence of your opinion. You mentioned which counts were dismissed and which ones weren't by number. This rule 23 order is devoid of any detail as to which counts were dismissed. So here I am trying to say, well, dear Supreme Court judges, this is wrong. And all I can do is just talk in the abstract because they refuse to put any flesh on their allegations. And from that, I conclude that that's part of the cutting of their deception. Thank you. Thank you. All right. Counsel, thank you for your trip as well as your arguments today. We will take the matter under advisement. We will make a decision in due course. We will now stand adjourned for the day. Thank you.